UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: GEORGE W. McCLENDON and § Case No. 09-12174
LINDA J. McCLENDON § Hon. EUGENE R. WEDOFF
§ Chapter 7
§
§
Debtor(s)

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under chapter 7 of the United States Bankruptcy Code on 04/06/2009.
The undersigned trustee was appointed on 04/06/2009.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized gross receipts of          $31,776.30

Funds were disbursed in the following amounts:

| | |
|---|---:|
| Administrative expenses | $1,246.17 |
| Payments to creditors | $0.00 |
| Non-estate funds paid to 3rd Parties | $0.00 |
| Payments to the debtor | $0.00 |
| Leaving a balance on hand of [1] | $30,530.13 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 08/21/2009 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $3,927.63 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $3,927.63 , for a total compensation of $3,927.63 . In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 , and now requests reimbursement for expenses of $25.97 , for total expenses of $25.97 .

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/02/2010    By: ALLAN J. DeMARS
                        Trustee

**STATEMENT:** This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

**UST Form 101-7-TFR (9/1/2009)**

EXHIBIT "A" - FORM 1
INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT
ASSET CASES

Case No. 09-B-12174
Case Name: GEORGE W. and LINDA J. MCCLENDON
For Period Ending: 12/31/09

Trustee Name: Allan J. DeMars
Date Filed (f) or Converted (c): 4/6/09 (f)
§341(a) Meeting Date: May 21, 2009
Claims Bar Date: August 21, 2009

| Ref # | Asset Description (scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Estimated Net Value (Value Determined by Trustee less Liens, Exemptions, and Other Costs) | Property Abandoned OA=§554(a) abandon DA=§554(c) abandon | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | 2 | | 3 | 4 | 5 | 6 |
| 1 | Residence at 15666 Gouwens Lane, South Holland, Il | 170,478.00 | 0.00 | DA | | FA |
| 2 | Real estate located at 853 N. Chamberlain Ave., Chattanooga, TN | 59,388.00 | 38,000.00 | | 27,685.73 | FA |
| 3a | Illiana Credit Union checking acct. | 2,257.37 | 1,844.62 | DA | 1,844.63 | FA |
| 3b | Illiana Credit Union savings account | 1,665.72 | 0.00 | DA | | FA |
| 4 | Alliant Credit Union savings account | 824.53 | 0.00 | DA | | FA |
| 5a | MB Financial checking account | 1,546.22 | 546.22 | | 546.22 | FA |
| 5b | MB Financial checking account | 15.87 | 15.87 | | 15.87 | FA |
| 6 | household goods and furnishings | 1,200.00 | 0.00 | DA | | FA |
| 7 | books, family pictures | 200.00 | 0.00 | DA | | FA |
| 8 | wearing apparel | 500.00 | 0.00 | DA | | FA |
| 9 | jewelry | 300.00 | 0.00 | DA | | FA |
| 10 | camera, camcorder | 100.00 | 0.00 | DA | | FA |
| 11 | term life insurance | 0.00 | 0.00 | DA | | FA |
| 12 a | United Airlines retirement plan | 40,276.48 | 0.00 | DA | | FA |

| | | | | | |
|---|---|---|---|---|---|
| 12 b | United Airlines, Inc. Flight Attendants Retirement Plan | unknown | 0.00 | DA | FA |
| 12 c | DuPont Pension | unknown | 0.00 | DA | FA |
| 13 | interest in South Holland Realty Group, Inc. | 0.00 | 0.00 | DA | FA |
| 14 | tax refund | 2,297.00 | 0.00 | DA | FA |
| 15 | 1998 Mercedes S320 | 4,725.00 | 0.00 | DA | FA |
| 16 | 2003 Mercedes E500 | 11,650.00 | 0.00 | DA | FA |
| 17 | desk, computer etc. | 1,000.00 | 0.00 | DA | FA |
| 18 | tenant rental(u) | | 1,500.00 | DA | 1,500.00 FA |
| 19 | interest on invested funds | | | | 3.85 FA |
| TOTALS (Excluding unknown values) | | 41,906.71 | | | 31,776.30 |

(Total Dollar Amount in Column 6)

Major activities affecting case closing: liquidation of Tennessee real estate

Case No.: 09-B-12174
Case Name: GEORGE W. and LINDA J. MCCLENDON
Taxpayer ID#: 27-6065870
For Period Ending: 12/31/10

Trustee's Name: Allan J. DeMars
Bank Name: Bank of America
Initial CD #: CDI
Blanket bond (per case limit): 5,000,000
Separate bond (if applicable):
Money Market #: 375 555 4688

# EXHIBIT "B" - FORM 2
## CASH RECEIPTS AND DISBURSEMENT RECORDS

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 6/5/09 | Ref 18 | Frederick and Aisha Marbury | rental payment | 1122-000 | 500.00 | | 500.00 |
| 6/10/09 | | | bank service charge (will be reversed) | | | 27.00 | 473.00 |
| 6/25/09 | Ref 18 | Frederick and Aisha Marbury | rental payment | 1122-000 | 500.00 | | 973.00 |
| 6/29/09 | Ref 5a<br>Ref 5b<br>Ref 3a | from George McClendon | partial reimbursement of non-exempt funds | 1129-000<br>1129-000<br>1129-000 | 546.22<br>15.87<br>39.59<br>601.68 | | 1,574.68 |
| 6/30/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.03 | | 1,574.71 |
| 7/8/09 | | | reversal of bank service charge | | | (27.00) | 1,601.71 |
| 7/21/09 | Ref 18 | Frederick and Aisha Marbury | rental payment | 1122-000 | 500.00 | | 2,101.71 |
| 7/28/09 | Ref 3a | from George McClendon | partial reimbursement of non-exempt funds | 1129-000 | 601.68 | | 2,703.39 |
| 7/31/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.15 | | 2,703.54 |
| 8/24/09 | Ref 3a | from George McClendon | partial reimbursement of non-exempt funds | 1129-000 | 601.68 | | 3,305.22 |
| 8/31/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.24 | | 3,305.46 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 9/29/09 | Ref 3a | from George McClendon | final reimbursement of non-exempt funds | 1129-000 | 601.68 | | 3,907.14 |
| 9/30/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.27 | | 3,907.41 |
| 10/31/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.33 | | 3,907.74 |
| 11/30/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.32 | | 3,908.06 |
| 12/31/09 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.33 | | 3,908.39 |
| 1/19/10 | Check 1001 | Papa Services, Inc. | clean-up and debris removal at 853 N. Chamberlain, Chattanooga, TN | 2420-000 | | 1,000.00 | 2,908.39 |
| 1/31/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.30 | | 2,908.69 |
| 2/19/10 | Check 1002 | International Sureties Ltd | bond premium | 2300-000 | | 12.17 | 2,896.52 |
| 2/28/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.22 | | 2,896.74 |
| 3/31/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.25 | | 2,896.99 |
| 4/30/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.24 | | 2,897.23 |
| 5/24/10 | Ref 2 | Crye-Leike South, Inc. | broker forward of buyer's defaulted earnest money | 1110-000 | 600.00 | | 3,497.23 |
| 5/31/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.25 | | 3,497.48 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| 6/21/10 | Check 1003 | Creative Property Services | mowing at 853 N. Chamberlain, Chattanooga, TN in response to code violation notice | 2420-000 | | 40.00 | 3,457.48 |
| 6/30/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.30 | | 3,457.78 |
| 7/12/10 | Ref 2 | Title Guaranty & Trust Company of Chattanooga | proceeds of closing 853 N. Chamberlain<br>Gross sales price: $30,900.00<br>Less amounts paid through escrow:<br>realtor's fees ($1,854.00)<br>seller's closing costs: ($713.33)<br>real estate taxes: ($1,066.94) | 1110-000<br><br><br><br>3510-000<br>2500-000<br>2820-000 | 27,265.73 | | 30,723.51 |
| 7/13/10 | Ref 19 | Bank of America | interest on invested funds | 1270-000 | 0.62 | | 30,724.13 |
| 7/13/10 | Check 1004 | Illinois Department of Revenue | IL1040 taxes | 2820-000 | | 194.00 | 30,530.13 |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 | 8 |
|---|---|---|---|---|---|---|---|
| Trans. Date | Check or Ref. # | Paid to/ Received from | Description of Transaction | Uniform Transaction Code | Deposit $ | Disbursement $ | Money Market Balance |
| | | | TOTAL - ALL ACCOUNTS | | | | |
| | | | Checking# | | | | |
| | | | Money Market #375 555 4688 | | 31,776.30 | 1,246.17 | 30,530.13 |
| | | | Savings # | | | | |
| | | | CD #CDI | | | | |
| | | | Net | | 31,776.30 | 1,246.17 | 30,530.13 |

NET DEPOSITS     DISBURSEMENTS     BALANCES

Excludes account transfers     Excludes payments to debtor     Total Funds on Hand

Exhibit D

## TRUSTEE'S PROPOSED DISTRIBUTION

Case No: 09-12174
Case Name: GEORGE W. and LINDA J. McCLENDON
Trustee Name: ALLAN J. DeMARS

Claims of secured creditors will be paid as follows:

| Claimant | Proposed Payment |
|---|---|
| NONE | $0.00 |

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Trustee* ALLAN J. DeMARS | $3,927.63 | $25.97 |
| *Attorney for trustee* ALLAN J. DeMARS | $7,788.00 | |
| *Appraiser* | | |
| *Auctioneer* | | |
| *Accountant* LOIS WEST/POPOWCER KATTEN, LTD. | $1,311.50 | |
| *Special Attorney for trustee* | | |
| *Charges,* U.S. Bankruptcy Court | | |
| *Fees,* United States Trustee | | |
| *Other* | | |

UST Form 101-7-TFR (9/1/2009)

Applications for prior chapter fees and administrative expenses have been filed as follows:

| Reason/Applicant | Fees | Expenses |
|---|---|---|
| *Attorney for debtor* | | |
| *Attorney for* | | |
| *Accountant for* | | |
| *Appraiser for* | | |
| *Other* | | |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling _____$0.00_____ must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling _____$30,222.65_____ have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be __57.8__ percent.

Timely allowed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| 1 | Roundup Funding LLC | $1,203.62 | $696.03 |
| 2 | PYOD LLC assignee of Citibank | $123.00 | $71.13 |
| 3 | Chase Bank, USA NA | $15,192.70 | $8,785.60 |
| 4 | GE Money Bank (JC Penney Rewards Mastercard) | $952.90 | $551.04 |
| 5 | PRA Receivables Mgmt, LLC as agent of Portfolio Recovery Assoc. (HSBC Bank) | $12,750.33 | $7,373.23 |

UST Form 101-7-TFR (9/1/2009)

Tardily filed claims of general (unsecured) creditors totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be ___0___ percent.

Tardily filed general (unsecured) claims are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling _____$0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be ___0___ percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

| Claim Number | Claimant | Allowed Amt. of Claim | Proposed Payment |
|---|---|---|---|
| NONE | | | $0.00 |

The amount of surplus returned to the debtor after payment of all claims and interest is _____$0.00___.

UST Form 101-7-TFR (9/1/2009)